We move to the fourth case this morning, Kimberly Moreland v. Kirstjen Nielsen. Thank you. May it please the court, my name is Dennis Friedman, I'm the attorney for the appellant Kimberly Moreland. Moreland is, at the time of the event, an employee of the Federal Emergency Management Agency. She had an ongoing EEO complaint and she had prior EEO complaints. Her hearing was scheduled and she was informed that she would be denied travel and wage benefits in order to attend the hearing. She had been in Texas and she was traveling to Wisconsin. She incurred travel expenses in order to attend the hearing. After the hearing had concluded, she filed a formal discrimination complaint. She alleged that she was the victim of retaliation because the agency denied her travel and wage benefits, to which she was entitled as a federal employee. Doesn't she have to show adverse action and her reserve status was the same before and after that, correct? Yes, she was a reserve employee, which meant that she would only be paid when she was on duty. She was not on duty at the time the hearing was scheduled. The agency had two other employees who were also reservists, one of whom was not in duty status. The agency paid for that employee to go on duty status and paid the employee's salary and travel expenses. What's the adverse action that you're claiming? She's claiming that she was discriminated against based on an unlawful employment practice, which is what the statute defines as discrimination in terms of compensation terms, conditions, and privileges of employment. The adverse action was the denial of her salary and her travel expenses in order to attend the hearing. The trial judge in this case made a determination that as a matter of law, Ms. Moreland did not suffer an adverse employment action. This is an essential and critical issue that I believe and hope courts will address. The issue is not adverse employment action, but unlawful employment practice. You can have an unlawful employment practice which does not result in anything other than nominal damages. The courts recognize that nominal damages are awardable when there are illegal acts of discrimination. Are you saying that there doesn't have to be an adverse action? Adverse action in terms of deprivation of salary. You just said that you hope the court clarifies that there doesn't have to be an adverse employment action. Are you saying there doesn't have to be an adverse action at all as an element of the offense? What I am articulating is that adverse action is a sub-element of an unlawful employment practice. The concept of unlawful employment practice is a much broader concept. For instance, if an agency had a policy that only female employees could give lectures on sexual harassment, and there was a male employee who was similarly situated to a female employee in terms of the positions and responsibilities, and was denied the opportunity to lecture a class on sexual harassment under the law, that would be an unlawful employment practice. It wouldn't necessarily mean an adverse action in terms of the effecting of the employee's salary. What I'm having a hard time following is that doesn't her employment status, her conditions of employment, they're the exact same before and after the alleged retaliation? That is correct. Isn't that the problem though? She's alleging retaliation, right? In that she was denied salary and travel expenses, and she incurred approximately $1,000 by having to travel from Texas to Wisconsin in order to attend her hearing. Let's assume you can get across the prima facie case, and assume that you can establish an adverse action. How do you get around the pretext requirement? Because the agency has made clear, and the lawyer for the agency is the one who directed this, that the reason she wasn't paid for her travel expenses is there was no regulation governing it, whereas her supervisors were under a requirement to come and testify, and the specific regulation in 1614 said that they should be paid. So how do you get around the burden shifting back to you to establish that that was pretext somehow? In my opinion, it assumes facts, not in evidence. Number one, my client was a witness. My client was approved to testify by the administrative judge. It's on the record, and according to the very regulation that you cited, the government was required to pay for her travel and her status. Number two, the fact that an agency attorney, who is a representative of the agency, stated on the record that my client would not be paid because the agency refused to place her in duty status, really begs the question as to whether that was retaliatory. That in and of itself is a jury question. A jury would have the opportunity to assess the credibility of various individuals and make a determination as to whether the agency lawyer was motivated by an improper motive. What facts, beyond just saying it, suggest that that's even a possibility, though? It's one thing if the supervisors make the decision, we're not going to pay the travel expenses, because then I could see where you'd be arguing. The very people that were upset about her Title VII complaint in the first instance, the ones that retaliated, lo and behold, are the ones that make the decision not to pay the travel expenses. But here you have an agency lawyer, somebody totally outside of the supervisory chain, saying, as Judge St. Eve is pointing out, the regulations do not permit us to make the payment to the complainant here. She's not a witness, she's the complainant. If the assumptions are that agency lawyers cannot retaliate, that agency lawyers don't act as representatives of their employees, I'm sorry, representatives of their employers, that supervisors look to the guidance of agency counsel in order to make decisions, and the fact that the regulation was clear that Ms. Moreland was entitled to be paid, and to this date has never been paid for her salary and her travel expenses. Doesn't the regulation, though, as to the complainant, which is what Ms. Moreland was, hinge on if otherwise on duty, which it's undisputed that she was not on duty at the time? If otherwise on duty. The regulation states that any employee who is authorized to attend a hearing is authorized travel expenses. But the witness. I'm sorry. She was ordered to attend the hearing by the administrative judge. She was a witness. So you're focused on 605F, not 605B. Right, 605F. She was ordered by the administrative judge to attend the hearing. So in all these types of cases. Is that different than having her supervisor order her to attend? Being ordered by the administrative law judge as opposed to somebody in the. Yes, yes. I mean, this was an official hearing. She was ordered by the administrative judge to attend the hearing. She was a federal employee. And there were other individuals who were put on duty for the specific purpose of testifying at the hearing. Because they were also identified by the administrative judge as approved witnesses. A party doesn't necessarily have to be a witness. But she was a witness and she was approved as a witness. Thank you, counsel. Thank you. Mr. Pollack. Thank you. Good morning, your honors. My name is Brian Pollack. I'm the assistant United States attorney from the Eastern District of Wisconsin. And I am here representing the defendant, I believe. The district courts properly granted the defendant's motion for summary judgment. As this court has often said, summary judgment is the time to put up or shut up. The defendant in this case, excuse me, the plaintiff in this case has done neither. The time for summary judgment is when the plaintiff needs to show the evidence. Provide the evidence to the district court that they intend to show the jury at trial that they have the evidence to prove their case. The plaintiff in this case completely abrogated that responsibility. The plaintiff filed a five-page memorandum in response to the defendant's motion for summary judgment. Within that five-page memorandum was a complete lack of facts to support their case whatsoever. They cited not one single fact of their proposed findings of facts. And the reason there weren't any facts in that memorandum is there were no facts to support the plaintiff's position. The reason there are no facts is the plaintiff completely abrogated their responsibility to prosecute this case. They did no discovery whatsoever. Not one interrogatory, not one deposition. Hence, it's obvious why their brief in support of their opposition to summary judgment was fact-free, so to speak. Mr. Pollock, let me ask you just one question. Yes, Judge. Doesn't holding an administrative hearing in a state other than where the plaintiff here resides, forcing her to go to that other state, then refusing to pay the travel expenses to get there, doesn't it discourage her from pursuing her charge? In this instant case, I would say obviously not because she did, in fact, appear. And just a bit on that, the record is not clear why the EEOC judge chose to hold this hearing at the federal district courthouse where I work in Milwaukee. There was absolutely no nexus for anyone in Milwaukee, so it's unknown why that judge chose it. The only thing in the record is he does make a comment sort of offhand that if he had known the agency wasn't paying her expenses, he would have considered holding it in another location. Otherwise, we have no idea why the judge chose to hold it in Milwaukee. It wasn't the agency's choice to hold it there. There's nothing in the record suggesting that the lawyer that provided the advice on the regulation, anybody in the supervisory chain of command suggested that this be held in Milwaukee. It's not in the record. I tried looking into that. I could find nothing as to why. My understanding is it was totally up to the judge, and it may have suited his calendar, and he may have figured that Iowa's next door, so let's hold it in Milwaukee. It's just pure speculation on our part. How are the ALJs allocated around the country? I can't speak to that, Judge. I know they travel, but other than that, for example, I know this judge has no permanent office in our courthouse in Milwaukee. Other than that, I can't tell you. Is there any evidence that the Department of Homeland Security had anything to do with determining the location of the hearing? None whatsoever. And in regard to that, the plaintiff not only provided no facts to support their case, but they completely misunderstand the legal framework. As this court has hinted at in its questioning, plaintiff is totally confused as to sub F and sub B. As a matter of fact, plaintiff never addresses sub B, which is the statute, or excuse me, the regulation, which applies to complainants, which says that, as the court has noted here today, there's no obligation to pay this plaintiff unless they are in pay status. Plaintiff was not in pay status. Therefore, the agency had no obligation whatsoever to make, to put it into pay status. What about Mr. Friedman's argument that the ALJ ordered her to appear as a witness, and therefore subsection F should apply? I've never appeared in an EEOC hearing. My understanding is that both sides submit who they want to be as witnesses, and the EEOC judge, unless there's some great problem, rubber stamps those, and then those people are automatically witnesses and receive an order to appear. Would that make her a witness, though, and then eligible for the application of subsection F, as Mr. Friedman argues? My position, Your Honor, is that sub B trumps sub F. A basic canon of statutory interpretation, which I see no reason why wouldn't apply to regulations, is that more specific statutes or regulations trump the more general ones, because otherwise we'd be making the specific ones having no purpose. The witnesses against her were paid, though, right? That is correct. Both of those witnesses were her supervisors. Once again, neither one of them were from the Milwaukee area. One, as my understanding, was in pay status doing administrative work, and she was ordered over, and the second one was put in pay status to be brought over and testified. Otherwise, there was no reason for them to appear in Milwaukee, should they have taken their own time and covered their own expenses to come and testify for the government. Can you just spend 30 seconds or so on the question about whether you believe there's been any adverse employment consequence suffered here at all? Absolutely none. The district court found the same. What the district court found is that the plaintiff never even challenged the defendant's basic position, that there was no obligation for the defendant to put the plaintiff into pay status. At the district court level, the plaintiff made no attempt to refute that whatsoever. She was employed in pay status. The district court found that there was no materially adverse employment action. When one looks at the Seventh Circuit case law as to what constitutes materially adverse employment action, there's nothing similar to this where there is a disaster assistance employee who's intermittent, on-call, temporary, works at only the behest of the government when the government needs that employee. To pay that person to sue the government would seem mind-boggling and not the intent of Congress. In sum, it's the government's position that the plaintiff completely abrogated their responsibility to pursue this action at summary judgment. They've done nothing to pursue their prosecutorial responsibilities and that the district court correctly granted the defendant's motion for summary judgment. We'd ask that the courts uphold that decision. If there's no further questions from me, we'll rely on our brief. Thank you, counsel. Thank you. Thanks to both counsel and the case is taken under advisement.